## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DENNIS P. GLICK, Inmate #R42175,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 06-586-GPM** |
| | ) | |
| **ROGER E. WALKER, JR., ALAN** | ) | |
| **UCHTMAN, MELODY J. FORD, TYONE** | ) | |
| **MURRAY, JAMES ALMS, PAM** | ) | |
| **GRUBMAN, and JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

is subject to summary dismissal for failure to state a claim.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future filings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

COUNT 1:    Against unspecified defendants for unconstitutional retaliation for filing grievances.

COUNT 2:    Against unspecified defendants for deliberate indifference to Plaintiff's constitutional rights, specifically his serious medical needs and a pervasive risk of harm.

COUNT 3:    Against unspecified defendants for violations of the Americans with Disabilities Act ("ADA").

## FACTUAL BACKGROUND

Plaintiff states the following facts. On May 6, 2005, Plaintiff was diagnosed by Illinois Department of Corrections (IDOC) psychiatrist Amin (not a defendant) with a mental illness. Dr. Amin ordered medication and group therapy. On May 11, 2005, Plaintiff wrote a grievance to Counselor Junge (not a defendant), regarding an unspecified violation of the Interstate Corrections Compact. He sent a copy to Defendant Walker, who received it on May 23, 2005. On February 6, 2006, Edward McNeil (not a defendant) of the Transfer Coordinator's Office denied Plaintiff the prescribed group therapy due to his "E-level" status. On February 8, 2006, Plaintiff mailed a document entitled "Second Proposal for Relief" to Defendant Walker. The document informed Defendant Walker that Plaintiff had exhausted his remedies regarding the above-noted grievance

and requested that Defendant Walker lower Plaintiff's classification from E-status so that he could attend the group therapy.

On April 25, 2006, Plaintiff was transferred from Menard Correctional Center to Stateville Correctional Center.  Plaintiff was not given a hearing regarding the transfer.  On May 8, 2006, Plaintiff was "subjected to a disciplinary."  On May 19, 2006, Plaintiff filed a grievance on an unspecified subject to Defendant Ford.

## COUNT 1

Plaintiff argues that these facts demonstrate that defendants have retaliated against him in violation of the First, Fifth, Eighth, and Fourteenth Amendments.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation.  *Id.*

Plaintiff has not stated a retaliation claim upon any of the above-stated facts.  He does not state who retaliated against him, nor does he specify any act of retaliation.  The Court is thus left to speculate as to which of the events Plaintiff describes might have been taken against him in retaliation and by whom.  Plaintiff states that he sent grievances about being denied group therapy to counselors and ultimately to Defendant Walker, but he has not made the necessary connection to show that Defendant Walker was personally responsible for denying him any constitutional rights,

and the counselor named in the factual allegations is not a defendant in the action.

"To be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting  Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).  Furthermore, plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims so the defendants are put on notice of the claims brought against them and can properly answer the complaint.  *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*,143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Thus, Plaintiff has not stated a claim of retaliation against any named defendant based upon these facts.  Count 1 is **DISMISSED** without prejudice from the action.  *See* 28 U.S.C. § 1915A.

## COUNT 2

Plaintiff states that unnamed defendants acted with deliberate indifference to his constitutional rights, specifically, to his serious medical needs and to a "pervasive risk of harm." The Court believes that Plaintiff is attempting to state a claim regarding his denial of group therapy as prescribed by the IDOC psychiatrist.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106; *see also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S. Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id.*; *see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless

disregard for, a substantial risk of harm.  The Circuit also recognizes that a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he knows of and disregards an excessive risk to inmate health or safety.

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995) (internal quotation omitted); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

The Seventh Circuit Court of Appeals has found that "the need for a mental illness to be treated could certainly be considered a serious medical need."  *Id.* at 734; *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983); *see also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175 (9th Cir. 2002); *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (a doctor's decisions to remove patient from medication and to restore the medication without Lithium constitutes deliberate indifference to patient's psychiatric condition).

Based on these legal standards, Plaintiff has failed to state a deliberate indifference claim against any named defendants in the action because he has failed to name any defendant personally responsible for denying him treatment.  *See Sanville*, 266 F.3d at 740; *see generally* Count 1, above. Plaintiff names one individual, Edward McNeil, as the person who sent Plaintiff the letter denying

his group therapy, but Mr. McNeil is not a defendant in the action.  Accordingly, Plaintiff has not stated a claim against any named defendant in the action, and Count 2 is **DISMISSED** without prejudice.  *See* 28 U.S.C. § 1915A.

## COUNT 3

Plaintiff alleges that he suffers from a disability that must be accommodated under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*.  The Supreme Court has held that the ADA applies to prisons.  *See Pennsylvania Department of Corrections v. Yeskey,* 524 U.S. 206 (1998).  However, the Seventh Circuit has held that claims under the ADA may be raised in state court, but not in federal court.  *Erickson v. Board of Governors for Northeastern Illinois University,* 207 F.3d 945 (7th Cir. 2000); *see also Stanley v. Litscher*, 213 F.3d 340 (7th Cir. 2000); *Stevens v. Illinois Department of Transportation,* 210 F.3d 732 (7th Cir. 2000).  Therefore, Plaintiff's claims under the ADA are dismissed without prejudice to his pursuing those claims in state court.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** without prejudice.  The Clerk of Court is **DIRECTED** to close the case on the Court's docket.

**IT IS SO ORDERED.**

DATED:  07/27/07

s/ G. Patrick Murphy
G. Patrick Murphy
Chief United States District Judge