IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DENNIS P. GLICK,            )
                            )
         Plaintiff,         )
                            )
vs.                         )     CIVIL NO. 06-586-GPM
                            )
ROGER E. WALKER, *et al.*,  )
                            )
         Defendants.        )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court per the mandate issued by the Seventh Circuit Court of Appeals on April 24, 2008 (Doc. 38). The Court of Appeals affirmed in part and vacated in part this Court's pre-service dismissal of Plaintiff's Eighth Amendment claims pursuant to 28 U.S.C. § 1915A. The Court of Appeals found that Plaintiff alleged enough in his complaint to state the following claims against the defendants indicated: (1) deliberate indifference to Plaintiff's mental health needs in violation of the Eighth Amendment (Defendants Ford and Walker); (2) deliberate indifference to a risk of both past and future harm from exposure to cigarette smoke in violation of the Eighth Amendment (Defendants Alms, Murray, Walker, and Ford); (3) deliberate indifference to risk of attack by another inmate (Defendant John Doe); and (4) retaliatory transfer for filing grievances in violation of the First Amendment (Defendants Ford, Murray, Alms, Uchtman, and Walker). The case was remanded to this Court for further proceedings.

This Court notes that the Court of Appeals did not identify any claims asserted against Defendant Pam Grubman. A further review of the complaint and attached exhibits by this Court,

*see* 28 U.S.C. § 1915A, indicates that Plaintiff has alleged no causal connection between the above-identified claims and Defendant Grubman. Therefore, Plaintiff's claims against Defendant Grubman are **DISMISSED** pursuant to 28 U.S.C. § 1915A. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (a plaintiff cannot state a claim against a defendant by including the defendant's name in the caption).

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WALKER, UCHTMAN, FORD, MURRAY and ALMS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WALKER, UCHTMAN, FORD, MURRAY and ALMS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. **Service shall not be made on the John Doe Defendant until such time as Plaintiff has identified him by name on a USM-285 form and in a properly filed amended complaint.** Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Illinois Department of Corrections (IDOC) who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall

furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon that defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless said defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has

not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 06/09/2008

*s/ G. Patrick Murphy*
G. Patrick Murphy
United States District Judge