IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS P. GLICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-586-GPM |
| | ) |
| ROGER E. WALKER, JR., *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate currently incarcerated at the Stateville Correctional Center, filed this action under 42 U.S.C. § 1983. The following claims remained after remand from the Seventh Circuit Court of Appeals: (1) deliberate indifference to Plaintiff's mental health needs in violation of the Eighth Amendment; (2) deliberate indifference to a risk of both past and future harm from exposure to cigarette smoke in violation of the Eighth Amendment; (3) deliberate indifference to risk of attack by another inmate; and (4) retaliatory transfer for filing grievances in violation of the First Amendment. Defendants moved for summary judgment based on their affirmative defense that Plaintiff failed to exhaust his administrative remedies before filing suit, as required under the Prison Litigation Reform Act (PLRA). The Court held a hearing on January 12, 2009, and found that Plaintiff failed to exhaust each of his claims. The Court granted Defendants' motions, with a written order to follow. The written order and judgment were entered the next day.

On February 4, 2009, Plaintiff filed a motion for reconsideration and a notice of correction (Docs. 96, 97). The Court construes the notice of correction as a motion for leave to supplement

Plaintiff's response and exhibits opposing Defendants' motions; that motion (Doc. 97) is **granted**.

The certificate of service shows that Plaintiff mailed his motion to reconsider on January 24, 2009. Computing time under Federal Rule of Civil Procedure 6(a), Petitioner's motion was placed in the prison mail within 10 days of entry of the order and judgment dismissing this action. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001) (holding that the "mailbox rule" should be extended to a *pro se* prisoner's filing of a motion under Rule 59(e) and noting that holding such litigant to an actual receipt standard with respect to other filings would be an "exceptional situation"). This is important because under Rule 59(e), a motion to alter or amend judgment must be filed no later than 10 days after the entry of the judgment.

> [W]hether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach – that, no matter what their substance, all post-judgment motions filed within 10 days of judgment would be construed as Rule 59(e) motions – no longer applies. In short, motions are to be analyzed according to their terms. When the substance and label of a post-judgment motion filed within 10 days of judgment are not in accord, district courts should evaluate it based on the reasons expressed by the movant. Neither the timing of the motion, nor its label (especially when drafted by a pro se litigant), is dispositive with respect to the appropriate characterization of the motion.

*Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (internal quotations and citations omitted) (emphasis in original).

Plaintiff's motion to reconsider is more akin to a Rule 59(e) motion to alter or amend judgment. Plaintiff claims that the Court erred in finding that Plaintiff deliberately chose not to name or describe the individuals about whom he was complaining in his grievances. He again asserts that his reliance on the Menard Correctional Center Orientation Manual was proper and attaches a copy of relevant pages of the Manual in effect at the time he filed his grievances. Finally, he contends that a dismissal for failure to exhaust administrative remedies should be without

prejudice.

To prevail on a Rule 59(e) motion, the movant must present either newly discovered evidence or establish a manifest error of law or fact. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A "manifest error" is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* (internal quotation omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures," and it "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Plaintiff attaches to his motion a copy of pages from the Inmate Orientation Manual for Menard Correctional Center, revised August 2002, to show that he was not aware of the grievance procedure set forth in the Illinois Administrative Code. But Plaintiff used the proper grievance form, as shown by the grievances, so it is difficult to understand his argument that he was unaware of proper procedure. He indicated, repeatedly, during the hearing that he was not required to name and describe the individuals about whom he complained – therefore, he didn't do so on his grievance. Plaintiff cited *Jones v. Bock*, 549 U.S. 199 (2007), during the hearing and in his response to Defendants' motion for summary judgment (*see* Doc. 95). The Court rejects his argument that he could not have relied on *Jones* because it was decided after he filed his grievances. *Jones* simply lends no support to his argument. The Court continues to reject the nonsensical argument that Plaintiff could not name or describe Defendants in his grievances because he did not know at the time who would be reading his grievances (*see* Doc. 95 at p. 4). As noted during the hearing:

> This circuit has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process. If he or she fails to do so, the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)

("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

*Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). This Court's findings were based on Plaintiff's representations in his papers and during the hearing. Under the Rule 59(e) standard set forth above, he cannot undo those representations by filing a motion to reconsider.

Even if the Court were to consider Plaintiff's motion under Rule 60(b), Plaintiff would not be entitled to relief. Rule 60(b) generally requires a higher threshold of proof than does Rule 59(e), such that "exceptional circumstances" are required to prevail under Rule 60(b). *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). Plaintiff has presented no "exceptional circumstances" to warrant relief under Rule 60(b).

Finally, Plaintiff argues that any dismissal for failure to exhaust administrative remedies must be without prejudice. It is true that in *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), the Seventh Circuit Court of Appeals held, in an opinion authored by now Chief Judge Easterbrook, that "*all* dismissals under [42 U.S.C.] § 1997(e) should be without prejudice" (emphasis in original). The Court explained:

> Why should § 1997(e) *ever* lead to dismissal with prejudice? States may allow cure of failure to exhaust; or a state may allow litigation in state court without the exhaustion rule that § 1997(e) adopts for federal litigation. In either case, dismissal with prejudice blocks what may be an appropriate suit. Moreover, if the prisoner does exhaust, but filed suit early, then dismissal of the premature action may be followed by a new suit that unquestionably post-dates the administrative decision. If [plaintiff] were to file such a suit in federal court the statute of limitations might provide a good defense, but that question should be worked out directly and not be preempted by a dismissal with prejudice. … Even a dismissal without prejudice is "final," and hence appealable, when the statute of limitations is bound to block a fresh suit, … so this approach should provide some opportunities to prisoners without costing them their crack at appellate review.

*Ford*, 362 F.3d at 401 (internal citations omitted). But four years later, the Court decided *Pavey v.*

*Conley*, 544 F.3d 739 (7th Cir. 2008), *as amended on denial of reh'g and reh'g en banc*, which was authored by Judge Posner. In that case, the Court set forth the framework for courts to follow in determining whether a prisoner failed to exhaust administrative remedies.

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Pavey*, 544 F.3d at 742.

In its order granting summary judgment and dismissing this action, this Court stated:

> With respect to all of these claims, the Court finds that the failure to exhaust was Plaintiff's fault; therefore, this action is over. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Accordingly, Defendants' motions for summary judgment (Doc. 58, 83) are **GRANTED**, and the Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants.

(Doc. 92). This Court remains convinced that under the current state of Seventh Circuit law, in this circumstance, dismissal with prejudice is appropriate. The Court does not know how else to interpret *Pavey*'s instruction that "the case is over" where the Court finds, as here, that Plaintiff's failure to exhaust was his own fault.

For these reasons, Plaintiff's motion to reconsider (Doc. 96) is **DENIED**. This action is

dismissed with prejudice, and the judgment entered January 13, 2009, dismissing the action on the merits remains in force.

**IT IS SO ORDERED.**

DATED: 05/20/09

                                            s/ *G. Patrick Murphy*
                                            G. PATRICK MURPHY
                                            United States District Judge