IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS P. GLICK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 06-586-GPM |
| | ) |
| ROGER E. WALKER, JR., ALAN | ) |
| UCHTMAN, MELODY J. FORD, TYONE | ) |
| MURRAY, JAMES ALMS, PAM | ) |
| GRUBMAN, and JOHN DOE, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Following remand from the Seventh Circuit Court of Appeals, this Court granted summary judgment against Plaintiff for failure to exhaust his administrative remedies on the following claims brought under 42 U.S.C. § 1983: (1) deliberate indifference to Plaintiff's mental health needs in violation of the Eighth Amendment (Defendants Ford and Walker); (2) deliberate indifference to a risk of both past and future harm from exposure to cigarette smoke in violation of the Eighth Amendment (Defendants Alms, Murray, Walker, Ford, and Grubman); (3) deliberate indifference to risk of attack by another inmate (Defendant John Doe); and (4) retaliatory transfer for filing grievances in violation of the First Amendment (Defendants Ford, Murray, Alms, Uchtman, and Walker). Plaintiff again appealed. The Court of Appeals affirmed the dismissal of the retaliation claim but reversed the dismissal of the other three claims, specifically finding error in the

undersigned's conclusion that these claims were not exhausted (*see* Doc. 114).[1]

Plaintiff has filed two motions – a motion for summary judgment and a motion for appointment of counsel. With respect to the summary judgment motion, Plaintiff asks for judgment based on the Court of Appeals' finding that he has stated a claim. He also asks this Court to overrule Defendants' exhaustion affirmative defense based on the Court of Appeals' decision. With respect to the failure to protect claim, he requests that "every individual that had something to do with claim no. 3, whether by grievance, or those officials in internal affairs" be identified as the "John Doe" defendant (Doc. 113). Defendants oppose the motion and alternatively request that their response time be extended until after merits discovery is conducted.

Plaintiff's motion for summary judgment (Doc. 113) is **GRANTED in part and DENIED in part**. It is **granted** to the extent that the Court overrules Defendants' exhaustion of administrative remedies affirmative defense relating to the remaining three claims. Plaintiff, however, has not established that he is entitled to judgment as a matter of law on his claims. While it is true that he has stated a claim for relief to enable the case to go forward, he has not shown that there is no genuine issue of material fact such that he is entitled to judgment. With respect to the identity of "John Doe," as will be discussed below, appointed counsel will have the opportunity to amend the complaint if and when discovery reveals the identity of the proper defendant(s) on the failure to protect claim.

---

[1] This Court conducted a telephonic hearing on the exhaustion issue. In its non-precedential disposition, the Court of Appeals stated that "the proceeding was not recorded" and that there is no "record of the hearing" (Doc. 114). The Minutes of the hearing reflect that Court Reporter Molly Clayton took down the proceedings, but it appears from the record that a transcript was never ordered; therefore, the proceedings were not transcribed. This Court did not receive any sort of request from the Court of Appeals. Had the Court of Appeals requested a transcript of the proceedings, this Court would have directed the court reporter to prepare the transcript.

In evaluating the propriety of recruitment of counsel, this Court must examine (what are known as) the *Pruitt* factors and apply them to the specific circumstances of this case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "'(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* at 761, *quoting Pruitt v. Mote*, 503 F.3d 647, 854 (7th Cir. 2007) (en banc). The circumstances presented in this case warrant recruitment of counsel. *See Santiago*, 599 F.3d at 765 ("The situation here is qualitatively different from typical prison litigation."). First, Plaintiff has shown that he tried to obtain counsel on his own. While it is true that Plaintiff has twice had significant success in the Court of Appeals, this case now is at the point where the difficulty exceeds Plaintiff's ability to "coherently present it to the judge or jury himself." *See Pruitt*, 503 F.3d at 655. Plaintiff's motion (Doc. 118) is **GRANTED**, and the Court **RECRUITS** Attorney Nancy J. Pew, Forsyth Law Office, 10 S. Broadway, Suite 825, St. Louis, Missouri 63102, to represent Plaintiff **in this case and in this Court only**. Ms. Pew is **directed** to file her entry of appearance **on or before September 17, 2010**.

At such time as Attorney Pew enters her appearance, United States Magistrate Judge Donald G. Wilkerson will schedule a status conference to evaluate what discovery needs to be conducted, whether counsel intends to file an amended complaint, and what deadlines shall be set. This Court anticipates a presumptive trial month of March 2011.

**IT IS SO ORDERED.**

DATED:  09/02/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge