IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS P. GLICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:06-cv-586-DGW |
| | ) | |
| KIM   BASKINS,   BRAD   THOMAS, | ) | |
| ANTHONY WILLS, NATHAN PITTS, TINA | ) | |
| MORGANTHALER,   and   BRAD | ) | |
| COLERMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Dismiss for Failure to State a Claim filed by Defendant, Kim Baskins, on March 8, 2013 (Doc. 199), the Motion for Summary Judgment filed by Defendant Baskins on June 26, 2013 (Doc. 218), and the Motion for Summary Judgment filed by Defendants Brad Colerman, Tina Morganthaler, Nathan Pitts, Brad Thomas, and Anthony Wills, on July 22, 2013 (Doc. 219).   Plaintiff has filed a response to the Motion to Dismiss (Doc. 207) and the first Motion for Summary Judgment (Doc. 222).

For the reasons set forth below, the Motion to Dismiss is **GRANTED**; the Motion for Summary Judgment (Doc. 218) is **DENIED AS MOOT**; and the Motion for Summary Judgment (Doc. 219) is **GRANTED IN PART**.

**INTRODUCTION**

Plaintiff filed a Complaint on July 27, 2006, pursuant to 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment rights under the United States Constitution (Doc. 1).   Plaintiff initially sued a number of Defendants; however, only six Defendants remain, Kim Baskins, Brad

Thomas, Anthony Wills, Nathan Pitts, Tina Morganthaler, and Brad Colerman.  As to each of these Defendants, only one claim remains: that they failed to protect him from his cellmate, Scott Drazen, who injured him on February 16, 2006.

## PROCEDURAL HISTORY

Initially, Plaintiff claimed that prison officials were deliberately indifferent to (1) his mental health needs, (2) the substantial risk of harm from his cellmate's smoking, and (3) the substantial risk of harm posed by the cellmate who threatened to, and did, attack him.  He also claimed that officials (4) retaliated against him for filing grievances when they transferred him out of protective custody at Pontiac Correctional Center and then to Statesville Correctional Center and (5) violated Title II of the ADA by denying him access to mental health services (Doc. 1).   In its threshold review on August 8, 2007, the District Court read Plaintiff's complaint as making only three claims—deliberate indifference to mental health needs, retaliation, and violation of the ADA – and dismissed these claims without prejudice.  In this Order, the Clerk of Court was directed to "close the case on the Court's docket" (Doc. 12, p. 7).   Plaintiff appealed the District Court's Order to the Seventh Circuit Court of Appeals (Doc. 14).

On April 28, 2008, the Seventh Circuit held that Plaintiff alleged sufficient information in his complaint to set forth the following claims:   (1) deliberate indifference to mental health needs in violation of the Eighth Amendment against Defendants Ford and Walker; (2) deliberate indifference to a risk of both past and future harm from exposure to cigarette smoke in violation of the Eighth Amendment against Defendants Alms, Murray, Walker, and Ford; (3) deliberate indifference to risk of attack by another inmate against a John Doe Defendant; and (4) retaliatory transfer for filing grievances in violation of the First Amendment against Defendants Ford,

2

Murray, Alms, Uchtman, and Walker.   (Doc. 38).   The Seventh Circuit affirmed the District

Court's dismissal of Plaintiff's ADA Claims.   (Doc. 38).   In its screening order entered on June

9, 2008, the District Court ordered service on the named Defendants, but not the John Doe

Defendant, until such time as Plaintiff identified him for service of process (Doc. 41).

A Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies

was filed by Defendants Walker, Uchtman, Ford, Murray, and Alms on October 10, 2008 (Doc.

58) and by Defendant Grubman on December 12, 2008 (Doc. 83).   The District Court held an

evidentiary hearing on the issue of exhaustion and entered an Order granting the Motions for

Summary Judgment on January 13, 2009 (Doc. 92).   After a judgment was entered, Plaintiff again

appealed to the Seventh Circuit Court of Appeals (Doc. 99).

On August 4, 2010, the Seventh Circuit held that the Plaintiff sufficiently exhausted his

administrative remedies as to certain claims.   (Doc. 114).   The Seventh Circuit held that Plaintiff

properly exhausted his administrative remedies as to the first, second, and third claim listed above,

but not with respect to the fourth.   On September 28, 2012 (some two years later), Plaintiff filed a

First Amended Complaint adding named defendants to replace the John Doe Defendant (Doc.

164).     As a result of a March 26, 2013 Order, Defendant Walker was dismissed from this suit

(Doc. 203).   Another Order dated March 26, 2013 also granted summary judgment for remaining

Defendants with respect to claims 1 and 2 (Doc. 204).   The only claim that remains, then, is claim

3: deliberate indifference to a risk of attack by another inmate against Defendants Kim Baskins,

Brad Thomas, Anthony Wills, Nathan Pitts, Tina Morganthaler, and Brad Colerman.

**BACKGROUND**

When Plaintiff filed his initial complaint on July 27, 2006, claim 3 was directed against a John Doe Defendant.   In a June 9, 2008 Order, Plaintiff was informed that service would not be made on the John Doe Defendant until such time as Plaintiff identified him in a "properly filed amended complaint" (Doc. 41).   After an attorney was appointed to represent Plaintiff, an Amended Scheduling Order directed Plaintiff to file an Amended Complaint by November 30, 2010 (Doc. 124).   No amended complaint was filed by the deadline.   As a result, an Order to Show Cause was entered on December 3, 2010 directing Plaintiff to show cause why the claim against John Doe should not be dismissed for the failure to prosecute (Doc. 126).   No response having been filed, Defendant John Doe (along with claim 3) was dismissed without prejudice on January 4, 2011 (Doc. 127).   After a second attorney was appointed to represent Plaintiff (Doc. 136), Plaintiff filed a Motion to Amend the Complaint on June 25, 2012 (Doc. 156).

In that Motion, Plaintiff's attorney indicates that Plaintiff had drafted an amended complaint on December 7, 2008, that he had submitted to the Court, naming Defendants Thomas, Wills, Pitts, Moragnthaler, Colerman, and Baskin, as the defendants answerable to claim 3.   The Motion was granted on September 27, 2012 (Doc. 163) and a First Amended Complaint, naming Defendants as to claim 3, was filed on September 28, 2012 (Doc. 164).[1]

Defendant Baskins' Motion to Dismiss argues a statute of limitations defense as to claim 3 (Doc. 199).   This argument is also made in Defendant Colerman's, Morganthaler's, Pitts', Thomas', and Wills' Motion for Summary Judgment (Doc. 219).

---

[1] It appears that on December 11, 2008, the Clerk's Office received a proposed Amended Complaint that was not accompanied by a Motion.   As such, the document was not docketed. This document is identical to the First Amended Complaint filed on September 28, 2012.

4

**STANDARD**

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

On a defendant's motion to dismiss, all facts in the complaint are accepted as true, a lesser standard than the one outlined above. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). In this case, however, there are no facts in dispute.

5

## DISCUSSION

Title 42 U.S.C. § 1983 does not contain an express statute of limitations, so federal courts adopt the forum state's statute of limitations for personal injury claims. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001).   In Illinois, the limitations period for § 1983 cases is two years. *Id.* "Moreover, because 'the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application,' federal courts must 'also borrow[] the state's tolling rules -- including any equitable tolling doctrines.'" *Id.*, quoting *Smith v. City of Chicago Heights*, 951 F.2d 834, 839-40 (7th Cir. 1992).   Such tolling doctrines are adopted unless the rules are inconsistent with the Constitution and laws of the United States. *Smith*, 951 F.2d at 837 n.1.   Illinois law provides that the statute of limitations is tolled during the time a prisoner exhausts his administrative remedies, which is required by the Prisoner Litigation Reform Act. 42 U.S.C. § 1997e(a); *Johnson*, 272 F.3d at 522.   However, a claim is barred by the statute of limitations if a plaintiff fails to identify an unknown defendant before the statute of limitations runs, unless the statute of limitations is tolled. *Gomez v. Randle*, 680 F.3d 859, 864, n.1 (7th Cir. 2012); FED.R.CIV.PRO. 15(c).   A plaintiff's lack of knowledge about a defendant's identity is not a "mistake" within the meaning of Federal Rule of Civil Procedure 15(c) such that the plaintiff could amend his complaint outside the statute of limitations period upon learning the defendant's identity. *Id*.

The incidents giving rise to Plaintiff's failure to protect claim occurred in March 2006. The statute of limitations was tolled, until May, 2006, while Plaintiff availed himself of the administrative remedy process.   Thus, the statute of limitations ran until May 2008.   Plaintiff submitted an amended complaint to the Court to identify the unnamed "john doe" defendants in

6

December 2008.   Even if this submission was a properly filed amended complaint,[2] it was made beyond the statute of limitations period.   Plaintiff's properly filed September, 2012 First Amended Complaint similarly was filed beyond the limitations period.   Furthermore, Plaintiff did not make a mistake concerning the identity of Defendants when he filed the original complaint in June 2006.   Plaintiff simply did not know the identities of the people purportedly involved in the occurrence leading to his injuries.   Thus, when Plaintiff sought to amend his complaint to add the new Defendants, around December 2008, and actually amended in September, 2012, that amendment did not relate back to the filing of the original complaint.   *See Jackson v. Kotter*, 541 F.3d 688, 699 (7th Cir. 2008).   Because Plaintiff did not amend his complaint to name the new Defendants until after the statute of limitations had expired, his claim is untimely, unless tolling is applicable.

*Tolling*

Plaintiff argues that the statute of limitations was tolled during his first appeal to the Seventh Circuit on August 2, 2007 (Doc. 12) and during his second appeal of the District Court's dismissal of the case for his failure to exhaust administrative remedies on January 13, 2009 (Doc. 92).   Thus the statute of limitations was tolled from August, 2007 to April, 2008 and from January, 2009 to July, 2010.   Plaintiff also argues that the effective date of his amended complaint adding the current defendants was December 2008 because the mailbox rule applies to pleadings filed by *pro se* prisoners.   Thus, Plaintiff argues that the statute of limitations did not run until February, 2009.

---

[2] Which it is not.   Responsive pleadings had been filed prior to submission of the document. Therefore, Plaintiff was required to seek leave of court to file.   Fed.R.Civ.Pro 15(a) *See Friedman v. Village of Skokie*, 763 F.2d 236 (7th Cir. 1985) ("Filing an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity.")

As indicated above, the December 2008 filing was not consistent with Rule 15. Therefore, it did not function to amend the complaint in order to add the named Defendants, even if the statute of limitations was tolled during appeal.   The only question, then, is whether the September, 2012 pleading can be considered timely.

### Statutory Tolling

Pursuant to 735 ILCS 5/13-216, "[w]hen the commencement of an action is stayed by injunction, order of a court, or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action."   This statutory provision is inapplicable here, with the exception of the statutory prohibition related to exhaustion of administrative remedies mentioned above.   No injunction or other court order was issued to *stay* the action.   *See Giannini v. Kumho Tire U.S.A., Inc.*, 898 N.E.2d 1095, 1098-1099 (Ill. App. Ct. 2008) (citing Illinois Supreme Court Rule 306 which allows for a stay during the pendency of appeal of certain orders concerning venue).[3]   Rather this matter was dismissed, without prejudice, and not stayed during the pendency of appeal.   Plaintiff has cited no statute or case authority that holds that a statute of limitations is stayed pending the appeal of an order dismissing a case without prejudice.   *IPF Recovery Co. v. Illinois Ins. Guar. Fund*, 826 N.E.2d 943, 949 (Ill. App. Ct. 2005)

---

[3] Plaintiff cites this case, in addition to *O'Brien v. Bonfield*, 220 Ill. 219 (Ill. 1906) and *Wright v. Heizer Corp.*, 503 F.Supp. 802 (N.D. Ill. 1980), for the proposition that "Illinois tolls the statute of limitations during the pendency of an appeal that must be resolved before a claim can proceed" (Doc. 226, p. 5).   As indicated above, *Giannini* relied on an Illinois Supreme Court rule that is inapplicable to this case.    *O'Brien*, similarly relied on a statutory basis (Section 7 of the statute of wills), not applicable in this case, to toll the limitations period.   And, *Wright*, which is a lengthy order regarding a securities matter, stands for the general proposition that the district court loses jurisdiction when final judgment is entered and the matter is appealed.   *Id.* 503 F.Supp. at 808-809.   Even if *Wright* were to stand for the more specific rule that an appeal tolls a statute of limitations, Plaintiff's 2012 First Amended Complaint was filed beyond the time or any such tolling.

("Illinois law is clear that, as a general rule, the statute of limitations continues to run unless tolling is authorized by statute.").

Plaintiff's claim also is not tolled by Illinois' savings statute which gives plaintiffs one year to refile a tort claim -- and thus a § 1983 suit -- in six enumerated circumstances including when a case has been dismissed by a United States District Court for lack of jurisdiction, or for improper venue whether or not the time limitation for bringing such action expires during the pendency of such action.  735 ILCS § 5/13-217 (1991).  Plaintiff's case was not dismissed for any of the reasons listed in this statute nor has judgment <u>for</u> plaintiff been reversed (the claims were involuntarily dismissed for failure to state a claim and failure to exhaust administrative remedies), thus its tolling provisions do not apply.  Even if this statute were to apply, Plaintiff's 2012 First Amended Complaint was filed more than a year after that matter was remanded in July, 2010.

### *Equitable Estoppel/Tolling*

Plaintiff also cannot benefit from the doctrine of equitable estoppel.  There is no indication in the record that Plaintiff was prevented from timely filing suit against Defendants because of some conduct on their part.  *See Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996). Equitable tolling applies when through no fault of Defendants, some "disability, irremediable lack of information, or other circumstances beyond [plaintiff's] control" reasonably prevented Plaintiff from filing within the limitations period.  *Id.*; *See also*, *Williams v. Board of Review*, 948 N.E.2d 561, 567 (Ill. 2011).  Plaintiff suggests that the limitations period should be equitably tolled during the pendency of his appeals.  Plaintiff has presented no relevant case authority supporting this position nor have Defendant provided any case authority refuting this position.

In *Luevano v. Wal-Mart Stores, Inc.*, ___ F.3d ___, 2013 WL 3599156 (7th Cir. 2013), the

9

Seventh Circuit Court of Appeals considered a factual scenario similar to the one before the Court

– however, with one salient fact missing, a John Doe Defendant.   In that case, plaintiff who was

proceeding *pro se*, filed a complaint two days prior to the expiration of a statute of limitations.

That complaint was dismissed without prejudice for failure to state a claim and plaintiff was

essentially given leave to file an amended complaint.   After an amended complaint was filed,

defendant moved to dismiss, arguing that the amended complaint was untimely, having been filed

after the limitations period had run.   In finding that the amended complaint was timely, the Court

stated:

> If a timely complaint is dismissed but the action remains pending, as occurred here,
> an amended complaint relates back to the filing of the original complaint when 'the
> amendment asserts a claim or defense that arose out of the conduct, transaction or
> occurrence set out—or attempted to be set out—in the original pleading . . . .  *Id.*,
> at * 5.

The Court went on to say that when a complaint is subject to § 1915A screening, a litigant should

be allowed the chance to amend their pleading in order to cure any deficiency noted by the District

Court.   Failing to allow such an amendment would place IFP plaintiff's and fee paying plaintiffs

on different footing which would raise "serious questions about fair access to the courts."

Certain "hazards" would also be created:

> Those hazards are especially great because of case law, discussed further below,
> holding that dismissal of an entire suit (not just a complaint) without prejudice can
> mean that the applicable statute of limitations will have run before the plaintiff can
> correct the problem.   For purposes of a statute of limitations, it is as if the
> dismissed suit had never been filed. . . . [Under prior case law], the conditional
> suspension of the statute of limitations clock that occurs upon filing the complaint
> not only comes to an end but is actually undone retroactively.   *Id.* at * 6.
>
> *See also Muzikowski v. Paramount Pictures, Corp.,* 322 F.3d 918, 923 (7th Cir.
> 2003) ("A dismissal without prejudice is treated for statute of limitations purposes
> as if suit had never been filed.")

The Court went on to note that if the entire action in *Luevano* had been dismissed (without prejudice) her statute of limitations would have run out.   Neither *Luevano*, nor the cases that loom large in its analysis of the hazards of dismissal, *Lee v. Cook County, Ill.*, 635 F3d 969 (7th Cir. 2011), *Muzikowski v. Paramount Pictures, Corp.*, 322 F.3d 918 (7th Cir. 2003), and *Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000), squarely address a situation similar to this case: whether the statute of limitations is tolled while a case is on appeal from a dismissal without prejudice (that effectively terminated the action in the district court).

In the case at bar, it may have been error for the Court to initially dismiss Plaintiff's complaint (without prejudice) without giving Plaintiff leave to re-file in order to cure the deficiency.   That dismissal created the very same hazard outlined above: a situation where the limitations period continued to run, even through appeal, because it was as if the case had never been filed.   *See Muzikowski*, 322 F.3d at (noting in dicta that the statute of limitations on a claim had run during the pendency of appeal even though the claim did not expire until after the district court's dismissal); *Elmore*, 227 F.3d at 1011.   Of course, there is no showing that, even if Plaintiff was given leave to amend, he would have named the John Doe defendant in a timely manner.   Nor have the parties offered any argument as to the effect on the statute of limitations of the Seventh Circuit's remand in this case.

These cases do, however, stand for the proposition that if a Plaintiff has diligently pursued his claims and some "extraordinary circumstance" stands in his way that would prevent timely filing, the limitations period can be equitably tolled.   *Lee*, 635 F.3d at 972-3.   In *Elmore*, however, the Court states that "[e]quitable tolling is not a remedy for an erroneous judgment; appeal   . . . is."   In this case, Plaintiff did appeal and the case was remanded for further

11

consideration.   In light of that ruling, it can be argued, "[t]he filing of a suit stops the running of the statute of limitations" notwithstanding the fact that the entire suit had been dismissed without prejudice.   *Elmore*, 227 F.3d at 1011.

In any event, whether the limitations period was tolled during appeal or not, Plaintiff still failed to name Defendants in a timely manner.   First, Plaintiff caused the delay in filing his amended complaint by failing to file a motion seeking leave to file an amended complaint as required by Federal Rule of Civil Procedure 15.   While Plaintiff was proceeding *pro se* at the time that he submitted his amended pleading, that fact does not excuse him from complying with the Federal Rules of Civil Procedures.   *See Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("To put this differently, rules apply to uncounseled litigants and must be enforced," citing *McNeil v. United States*, 508 U.S. 106, 112-13 (1993)).   The Court notes that Plaintiff was capable of seeking relief, appealing adverse rulings, seeking clarification of rulings, participating in Court hearings, and otherwise prosecuting this case in a competent manner.   Furthermore, even if Plaintiff did file a motion seeking leave to file an amended complaint, it was his duty to ensure that the Defendants he sought to add were present and accounted for in this case.[4]   Plaintiff was fully aware that the new defendants were never added to the case by virtue of his continued participation in the action.   Plaintiff failed to act, on his own or through subsequently appointed counsel (appointed February 4, 2011), until September 2012.   *See Lee*, 635 F.3d at 973 ("A lawyer's ineptitude does not support equitable tolling.").   Moreover, Plaintiff failed to respond to this Court's December 3, 2010 Order to show cause regarding the unnamed Defendants.   And, it was

---

[4]  In a letter (dated December 7, 2008) accompanying the proposed Amended Complaint, Plaintiff states that he was given leave of Court to file the amended pleading.   However, this Court can find no Order, nor does Plaintiff highlight such an order, where such leave was given prior to the filing of the amended pleading.

not until June 25, 2012 that Plaintiff made any attempt to correctly seek leave to amend the complaint.   Plaintiff's substantial delay (four years) to act requires dismissal of this claim, with prejudice, for failure to file within the limitations period.

### CONCLUSION

For the foregoing reasons, the Motion to Dismiss for Failure to State a Claim (Doc. 199) is **GRANTED**; the Motion for Summary Judgment (Doc. 218) is **DENIED** as moot; and the Motion for Summary Judgment (Doc. 219) is **GRANTED IN PART**.[5]

Plaintiff's claim (3) for deliberate indifference to a risk of attack by another inmate against Defendants Kim Baskins, Brad Thomas, Anthony Wills, Nathan Pitts, Tina Morganthaler, and Brad Colerman is **DISMISSED WITH PREJUDICE**.

**CASE TERMINATED.**

**DATED: August 29, 2013**

> **DONALD G. WILKERSON**
> **United States Magistrate Judge**

---

[5] It is appropriate to dismiss this matter, with prejudice, on the issue of statute of limitations rather than to grant judgment in favor of Defendants on the claim.   In light of this ruling, the Court will not address Defendants' substantive arguments.